UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KEVIN DICKSON, JR., | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No.: 3:08-cv-223 |
| | ) | (VARLAN/GUYTON) |
| SEVIER COUNTY SHERIFF'S DEPARTMENT, et al., | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, and an amended complaint. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff states that he is confined in the Sevier County Jail on charges of attempted murder and aggravated assault. In his complaint, plaintiff admits that he purchased cocaine, which turned out to be fake, from the victims. As a result, he confronted the victims and a fight broke out. Plaintiff further admits that he hit one of the victims several times with a baton and that a co-defendant shot another one of the victims.

Plaintiff alleges that he should have been charged with assault, not aggravated assault and attempted murder. In that regard, plaintiff alleges that he is the victim of discrimination and contends the only reason he was charged with aggravated assault and attempted murder is because he is black. Plaintiff also claims that his bail is excessive, that he was arrested without a warrant, that his arrest was based on false accusations, and that he was slandered by the local newspaper which reported he was armed and dangerous.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). The local newspaper was not acting under color of law in reporting on plaintiff's alleged crimes. In addition, an allegation of defamation, without more, does not state a claim under 42 U.S.C. § 1983. Harm or injury to reputation does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). *See also Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993) ("[i]njury to reputation, standing alone, is not a liberty interest protected by the Fourteenth Amendment"). *Accord, Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975); *Azar v. Conley*, 456 F.2d 1382, 1388-89 (6th Cir. 1972); *Heller v. Roberts*, 386 F.2d 832 (2nd Cir. 1967).

The remainder of plaintiff's claims are solely concerned with his criminal proceedings currently pending in the Circuit Court for Sevier County, Tennessee. It is clearly settled that this court must stay its hand in a section 1983 claim until such time as a criminal defendant

proves through the state system that his conviction and incarceration were in fact illegal. *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). The law is also settled that a federal court should not interfere in pending state court proceedings absent the threat of "great and immediate" irreparable injury, which are not present in this case. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Accordingly, plaintiff"s claims regarding the charges against him, his arrest, his bond, and his continued confinement in the Sevier County Jail should first be addressed by the state courts.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Sevier County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides

is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Sevier County, Tennessee, and the county attorney for Sevier County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

    **E N T E R :**

                                              s/ Thomas A. Varlan  
                                              UNITED STATES DISTRICT JUDGE